UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG BROWNFIELD; et al., | No. 2:15-cv-2034 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| FLOWERS BAKING CO. OF CALIFORNIA, LLC; et al., | |
| Defendants. | |

Pending before the court is defendant's Motion To Compel discovery from pro se plaintiff Sylvie Serrano. ECF No. 29. The matter has been referred to the undersigned magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(1).

Serrano has not responded to the motion in any way. The description of the dispute is therefore taken from the undisputed facts contained in declarations filed with the court. The undersigned has determined that the matter may be submitted on the papers, and decided without oral argument.

## I. BACKGROUND

On April 25, 2016, defendant served document requests and interrogatories on Serrano, who was represented by the Mellen Law Firm at the time. Declaration of Brian D. Berry (ECF No. 29-2) ("Berry Decl. (29-2)") ¶ 2; ECF Nos. 29-3 (document requests), 29-4 (interrogatories). Serrano's lawyers tried and failed to get information from Serrano sufficient to respond to the

discovery requests.  Declaration of Matthew Mellen (ECF No. 16-1) ("Mellen Decl. (16-1)") ¶ 4. Having failed to obtain this information from their client, Serrano's counsel concluded that they "had no choice but to serve boilerplate objections to Defendant's discovery requests." Id.; ECF Nos. 29-5 (response to interrogatories), 29-6 (response to document requests).

On September 30, 2016, defendant's counsel, after meeting and conferring with Serrano's counsel, noticed Serrano's deposition for October 19, 2016.  Berry Decl. (29-2) ¶¶ 5-6; ECF No. 29-8 (deposition notice).  On October 14, 2016, the district judge presiding over this case granted the Mellen Law Firm's Motion to Withdraw as Counsel of Record for Plaintiff Sylvie Serrano, and ordered that Serrano would proceed in *pro per* going forward.  ECF No. 27. Defendant's counsel thereupon communicated directly with Serrano, who acknowledged the October 19, 2016 deposition date.  Berry Decl. (29-2) ¶¶ 8-9.  Serrano failed to appear at the deposition, and failed to respond to counsel's subsequent communications about it.  Id. ¶¶ 10-14.

## II.  MEET AND CONFER & JOINT STATEMENT

The court agrees with defendant that this matter is exempt from the Meet and Confer and Joint Statement requirements of Local Rule 251.  For purposes of Local Rule 251(e)(1), plaintiff's failure to provide enough information for counsel to provide a single substantive response to the discovery requests – leading counsel to submit nothing but "boilerplate" objections – constitutes a complete failure to provide discovery, as does plaintiff's unexcused failure to appear for the deposition.

## III.  ANALYSIS

The scope of discovery under Federal Rule of Civil Procedure 26 is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ….."  Fed. R. Civ. P. 26(b)(1).  Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). If relevancy is plain from the face of the request, the party who resists discovery has the burden to show that discovery should not be allowed, and carries the "heavy burden of clarifying,

explaining, and supporting its objections." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

For purposes of this un-opposed motion, the relevance of the discovery defendant seeks is plain from the face of the discovery requests. The document requests and interrogatories seek information plainly relevant to plaintiff's claims, and the specific allegations of the complaint. The sought deposition testimony of the plaintiff is also plainly relevant. Plaintiff has offered no clarification, explanation or support for the admittedly "boilerplate" objections filed in response to the document requests and interrogatories. Plaintiff has offered no objection to the deposition, nor any excuse for not attending.

Plaintiff has thus failed to produce plainly relevant discovery without excuse. Defendant's motion to compel will therefore be granted.

## IV.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that

1. The November 30, 2016 hearing on this motion is VACATED;
2. The Motion To Compel (ECF No. 29), is GRANTED, as follows. Plaintiff Sylvie Serrano shall:
   a. Provide written responses to Defendant's First Set of Interrogatories and First Set of Requests for Production by no later than December 9, 2016;
   b. Produce all non-privileged documents responsive to Defendant's First Set of Requests for Production of Documents by no later than December 9, 2016; and
   c. Appear for a deposition on December 14, 2016 at 9:00 a.m. at Steuart Tower, One Market Plaza, Suite 1300, San Francisco, California 94105, unless the parties agree to a different date, time and/or place for this deposition.

DATED: November 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE